### UNITED STATES ex rel. James W. GAINES

v.

### Alfred T. RUNDLE, Supt. State Correctional Institution, Graterford, Pennsylvania.

### Misc. No. 69–94.

United States District Court, E. D. Pennsylvania.

Dec. 11, 1969.

**190**

Elizabeth Langford Green, Defender Association of Philadelphia, Philadelphia, Pa., for petitioner.

Wm. C. Sennett, Atty. Gen., Harrisburg, Pa., Anna I. Vadino, Asst. Dist. Atty., Media, Pa., for respondent.

## OPINION AND ORDER

WOOD, District Judge.

Relator was arrested and indicted by the Delaware County Grand Jury for robbery, burglary, larceny, receiving stolen goods, aggravated assault and battery, violation of the Uniform Firearms Act and conspiracy in connection with a gas station holdup. He was tried in April 1967 and found guilty on all charges except that of conspiracy. Motions for new trial and in arrest of judgment were filed but subsequently withdrawn. On June 16, 1967, relator was sentenced to a term of three to six years on the robbery count, and sentence was suspended on all other counts. After exhausting his state remedies relator now seeks a writ of habeas corpus on three grounds: that he was denied effective assistance of counsel, that the introduction into evidence of certain articles of his clothing at trial violated his Fourth and Fourteenth Amendment rights, and that he did not knowingly and intelligently waive his right to a direct appeal.

With regard to his first ground, relator contends that pursuant to the recent decisions of the Third Circuit in United States ex rel. Mathis v. Rundle, 394 F. 2d 748 (1968) and United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (1969) relator's trial counsel was not "appoint[ed] * * * sufficiently in advance of trial to prepare defendant's [i. e. relator's] case in a reasonably thorough manner"[1] so that a prima facie case of denial of ineffective assistance of counsel is made out and that the burden therefore shifts to the prosecuting authorities to overcome the presumption of prejudice *"either* by evidence produced by the state in an evidentiary hearing showing that there was no prejudice *or* by adequate affirmative proof *otherwise* appearing in the record demonstrating that the appellant was not prejudiced." 408 F.2d 1190. The District Attorney, on the other hand, contends that trial counsel was appointed sufficiently in advance of trial to thoroughly prepare relator's case so that relator is entitled to relief only if he can sustain the burden of showing that counsel's performance was "so incompetent or negligent as to constitute the proceedings a farce or mockery of justice shocking to the conscience of the court." United States ex rel. Carey v. Rundle, 409 F.2d 1210 at 1213 (3rd Cir.1969).

We think that trial counsel was appointed sufficiently in advance of trial to thoroughly prepare relator's case, that he was in fact thoroughly prepared, and that therefore the latter standard should apply under the circumstances of this

---

1. 394 F.2d at 753.

case. Relator's trial counsel, Mr. Berman, was appointed several days in advance of trial. He not only reviewed the Defender's file on the case, but he discussed it at some length with Mr. Smilk who had prepared the file and who would have tried the case on a prior occasion but for a continuance due to relator's tardiness in appearing. Mr. Berman's representation of relator at trial was in our opinion well informed and fully competent, and therefore far from what could be classified as a "mockery of justice."

■ In any event, even if we were to adopt the less severe standard (from relator's view), we think that the testimony of relator's counsel before us as well as the record of trial shows that relator's defense was not prejudiced by any inadequacy in his counsel's preparation. In our opinion relator's defense was ably conducted in the face of a very strong case against him. Two attendants at the gas station positively identified him. One attendant testified that in the course of a struggle during the holdup, relator had been shot in the hip. A doctor and nurse to whom relator had gone to for treatment also positively identified him and the nature of the injuries they treated. The primary, if not the only criticism of his defense at trial made by relator is that several witnesses who allegedly would have given testimony to show that he was shot in a crap game and not in the course of a holdup, were not called to appear. To the contrary, counsel did attempt to subpoena these witnesses for trial, but none of them could be located.[2] (Nor, for that matter, were representatives of the Voluntary Defender able to locate these witnesses after trial in an effort to make a motion for a new trial).[3] Relator did in fact request a continuance at trial to secure their presence, but this was denied. (Notes of trial, p. 112).

Relator's complaint boils down to the fact that in interviewing several of these witnesses on a prior occasion when trial was continued because of relator's tardiness in appearing, counsel may have discouraged these witnesses somewhat. Under the circumstances we see no fault with counsel's conduct. The witnesses told conflicting stories; one even stated that he had seen relator after the time of the alleged crap game and holdup and that he was not injured. After hearing these differing accounts, counsel advised both the potential witnesses and relator that these witnesses had conflicting stories, that it could hurt relator's case to use them, but that the witnesses should consider their recollections and return to see him if they concluded that the prior recollections were mistaken.[4]

■ Relator's second contention is that certain articles of relator's clothing, including a pair of trousers with a bullet hole near the hip were improperly admitted into evidence at trial because they were acquired in an illegal search and seizure. We need not reach the issue of the propriety of the search, however, because we think it "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Chapman v. California, 386 U.S. 18 at 24, 87 S.Ct. 824 at 828, 17 L.Ed.2d 705 (1967). See also United States ex rel. Brown v. Rundle, 417 F.2d 282 (Opinions of the Third Circuit filed March 3 and September 26, 1969). As previously stated there was strong affirmative evidence showing relator's participation in the holdup. More importantly, the introduction of relator's clothes contributed nothing material to the case against him. Both of the station attendants, the only witnesses to the crime, stated at trial that they did not know what relator was wearing at the time (Notes of trial, pp. 33, 41, 76, 79); their positive identification was based on other observations. The attendant who shot relator in the hip and the doctor who treated him both testified as to the location of the bullet

---

2. Notes of habeas corpus hearing, pp. 78, 81.

3. Nor did relator produce these witnesses in the hearing before us.

4. Notes of habeas corpus hearing, p. 65.

wound (pp. 15, 47) so the fact of the wound and its location were not in doubt. In any event, relator conceded that the clothes were his and that he had been wounded in the hip but contended that he had been shot in a crap game instead. (N.T. pp. 115, 123)

■ Relator's final contention, which was not strenuously urged on us in his argument or brief, is that he did not knowingly or intelligently waive his right to appeal. To the contrary, relator's counsel testified before us that he explained the possibility of an appeal to relator, but that relator desired instead to be sentenced and to begin serving his time. Moreover, when his counsel withdrew his motion for new trial and in arrest of judgment in open court so that he could be immediately sentenced, relator entered no objection. Apparently relator understood the import of these proceedings, but he contended before us that he did not object because he was waiting for an opportunity to address the court, which never came. (Notes of habeas corpus hearing, pp. 33–34) We cannot believe that relator would sit by and fail to make such an important objection known to the Court or to his counsel. It is our opinion that relator desired to be sentenced because he was convicted or about to be convicted for a separate crime and he assumed that the sentences would run concurrently.

Accordingly, the writ must be denied.