**UNITED STATES of America ex rel. James W. GAINES, Appellant,**

v.

**Alfred T. RUNDLE, Supt.**

**No. 18481.**

United States Court of Appeals, Third Circuit.

Argued Sept. 24, 1970.

Decided Nov. 6, 1970.

Francis S. Wright, Jr., Asst. Defender, Defender Ass'n of Philadelphia, Philadelphia, Pa., for appellant.

Ralph B. D'Iorio, Asst. Dist. Atty., Chief, Appeals Division, Anna Iwachiw Vadino, Asst. Dist. Atty., Stephen J. McEwen, Jr., Dist. Atty., Media, for appellee.

Before KALODNER, FREEDMAN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The appellant relator, Gaines, was sentenced by a Pennsylvania Court in June 1967 to serve a three to six year term following a jury trial in which he was found guilty on indictments charging him with armed robbery, burglary, larceny, receiving stolen goods, aggravated assault and battery, and violation of the Pennsylvania Uniform Firearms Act. Motions for a new trial and arrest of judgment were filed but later withdrawn. Gaines did not appeal his conviction and sentence. In March 1968 he filed a petition under the Pennsylvania Post Conviction Hearing Act,[1] alleging therein that (1) he was denied effective assistance of counsel; (2) he was denied his right to appeal; (3) illegally seized evidence was adduced by the prosecution at his trial; and (4) perjured testimony was then given against him. The petition, following hearing, was denied on June 28, 1968 by the trial judge to whom it was presented; the Pennsylvania Superior Court affirmed on November 1, 1968, 213 Pa.Super. 749, 246 A.2d 890 (1968), and the Supreme Court of Pennsylvania denied allocatur on January 3, 1969.

Gaines then filed a petition for habeas corpus relief in the District Court on February 20, 1969, alleging (1) denial of effective assistance of counsel at his trial; (2) introduction of illegally seized evidence at his trial; (3) his motions for a new trial were withdrawn without his approval; and (4) he was not informed of his right to appeal and his right to free counsel to prosecute his appeal.

The District Court, following two days of hearing, at which Gaines and his state trial counsel testified, denied Gaines' petition for habeas corpus relief, and the instant appeal followed.

On review of the trial record and that below, and consideration of the parties' briefs and oral argument, we are of the opinion that the District Court did not err in its findings that Gaines' "trial counsel was appointed sufficiently in advance of trial to thoroughly prepare relator's case, that he was in fact thoroughly prepared," and that trial counsel's "representation of relator at trial was in our opinion well informed and fully competent. * * *" We are further of the opinion that the District Court correctly held that there was no merit to Gaines' contentions that he had not knowingly and voluntarily withdrawn his motions for a new trial and arrest of judgment and that he had not been advised of his right to appeal. We further agree with the District Court's holding that it was unnecessary to reach the issue of the introduction of allegedly illegally seized evidence because there was "strong affirmative evidence" establishing Gaines' participation in the robbery charged, and the introduction of the alleged illegally seized evidence "contributed nothing material to the case against him," thus calling into play the doctrine that where it is clear "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained" it does not afford a basis for habeas corpus relief. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); United States ex rel. Brown v. Rundle, 417 F.2d 282, 283–284 (3 Cir. 1969).

The Order of the District Court denying habeas corpus relief will be affirmed for the reasons so well stated by Judge Wood in his Opinion, 321 F.Supp. 189.

1. 19 P.S.Annot. § 1180–2.